UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **JENNIFER SPAINHOWER** | * | **CIVIL ACTION NO.   09-1736** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Attorney Fees filed by plaintiff Jennifer Spainhower pursuant to the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412.  [doc. # 11].  The Commissioner does not oppose the fee request in principle, but contends that under the EAJA, the fee award is payable to the claimant, not her attorney.  *See* Def. Response (citing *Astrue v. Ratliff*, ___ U.S. ___, 130 S.Ct. 2521, 2522 (2010)).  Subject to the foregoing exception, and as further explained below, it is recommended that the motion be GRANTED, and that the Commissioner be ordered to pay attorney's fees in the amount of $ 3,240.00 (21.6 hours at $150.00 per hour) plus expenses of $ 259.62 and costs of $ 350.00.

The EAJA provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  A party who obtains a remand of a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994).  The prevailing party is entitled to fees

unless the government meets its burden of showing that its position was substantially justified or that special circumstances make an award unjust. *Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1988).

On June 28, 2010, the undersigned entered an order reversing and remanding this case to the Commissioner for further proceedings. (Order [doc. # 10]). Moreover, the Commissioner does not oppose a fee award, and therefore does not contest that plaintiff is the prevailing party and entitled to an award of EAJA fees.

Plaintiff's attorney requests a fee award of $ 3,420.00 (22.8 hours at $150.00 per hour), plus expenses of $ 259.62 and costs of $ 350.00. The undersigned has reviewed the statement of charges submitted by plaintiff's counsel, and has determined that they are reasonable both in the amount of time spent on the services performed and in the hourly rates sought. However, the court has tallied co-counsel, Sarah Bohr and Chantal Harrington's Schedule of Hours, and they total but 18.3 hours, rather than the claimed 19.5 hours.[1] Thus, the maximum amount of fees that is supported by the record is $ 3,240.00 (21.6 hours[2] at $ 150.00/hour).

Plaintiff's counsel contends that because plaintiff assigned her right to attorney's fees to counsel, any payment of fees should be made directly to counsel – provided plaintiff does not owe a federal debt. However, plaintiff's counsel recently advanced this same argument in another fee application before this court, but the court ordered the Commissioner to issue a check made payable to plaintiff and to deliver the check to plaintiff's counsel. *McLeland v. Astrue*, Civil Action No. 09-0219 (W.D. La. 9/13/2010) [doc. #s 44-5] (James, J.). The same result is compelled here. Accordingly,

---

[1] Counsel of record, Alex Rankin, expended 3.3 hours on the case.

[2] Bohr and Harrington's 18.3 hours, plus Alex Rankin's 3.3 hours.

IT IS RECOMMENDED that the Petition for Attorney Fees [doc. # 11] be GRANTED, as provided herein, and that the Commissioner be ordered to remit to plaintiff's counsel a check made payable to plaintiff JENNIFER SPAINHOWER for attorney fees in the amount of $ 3,240.00 (21.6 hours at $150.00 per hour) plus expenses and costs totaling $ 609.62.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 13th day of October 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE